UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| WALEED SAYED,<br><br>*Plaintiff*<br><br>v.<br><br>MARITIME ADMINISTRATION,<br><br>*Defendant* | **COMPLAINT** |

Plaintiff Waleed Sayed brings this action against Defendant Maritime Administration ("MARAD") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges as follows:

**PARTIES**

1. Plaintiff Waleed Sayed ("Plaintiff") is an individual residing at 106 High Street, Ashland, County of Middlesex, Massachusetts.

2. Defendant Maritime Administration ("Defendant") is an agency within the U.S. Department of Transportation dealing with waterborne transportation. Defendant is a federal agency within the meaning of the FOIA and has possession of and control over the records Plaintiff seeks. Defendant's address for service of process is 1200 New Jersey Avenue, SE, Second Floor, West Building, Room W24-220, Mailstop #4, Washington, DC 20590.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 25 U.S.C. § 1391(e).

## FACTS

### Plaintiff's FOIA Request

5. On August 18, 2020, Plaintiff submitted a FOIA request (the "FOIA Request") to Defendant seeking the release of records concerning the certification status of the Floating Dry Dock "Alabama" (the "Dry Dock") at the shipyard owned and/or operated by Alabama Shipyard, LLC (the "Shipyard") in Mobile, Alabama. *(A true and accurate copy of the Initial Request is attached as Exhibit A.)*

6. Among the categories of documents requested in the FIOA Request were documents evidencing and including the certification or re-certification of the Dry Dock on, after and before November 26, 2019, any "self-certification" of the Dry Dock by MARAD, Naval Sea Command ("NAVSEA"), or Military Sealift Command ("MSC"), or any such certifications done at the direction of MARAD, NAVSEA or MSC, undertaken or completed on or after November 26, 2019, the United States Navy certifications of the Dry Dock, if any, undertaken or completed on or after November 26, 2019. (*See Exhibit A.*)

7. The FOIA Request was assigned the following identification number: 21-0085-FOIA.

8. By letter dated September 29, 2021, MARAD provide a response to the FOIA Request ("September 29th Response"). (*See September 29th Response attached as Exhibit B.*)

9. The September 29th Response enclosed only two pages of documents. The first was a Certificate of Capacity for the Dry Dock, dated July 17, 2019 (the "July 2019 Certificate"). The second was a single page from a multipage document titled "SS Altair 2020 Dry Dock/Repair Availability (RFP# 20-G-9029)." (*Exhibit B.*)

10. Plaintiff was the engineer who signed the July 2019 Certificate and therefore knew that the response was incomplete.

11. As an initial matter, the July 2019 Certificate was missing the critical second page of the document, which is the "attached Table" referenced in the 2019 Certificate.

12. Additionally, the response was incomplete because Plaintiff is aware that the Dry Dock was again certified in November 2019, but that certification was not produced.

13. Finally, Plaintiff is aware that the November 2019 Certificate further downgraded the Dry Dock below the capacity necessary for safely docking the SS Altair. Plaintiff is therefore entitled to receive all certificates issued after November 2019, if they exist, establishing that the work necessary to upgrade the Dry Dock to accommodate the SS Altair was completed.

14. After Defendant failed to produce all responsive documents, Plaintiff filed an administrative appeal (the "Appeal") by a letter dated October 6, 2021. *(A true and accurate copy of the Appeal is attached as Exhibit C.)*

15. By letter dated October 8, 2021, MARAD set its own response date to the Appeal as November 5, 2021 and assigned the Appeal the following identification number: 22-0001-APPL. (*See October 8, 2021 Letter, attached as Exhibit D.*)

16. As of November 19, 2021, Plaintiff has yet to receive a decision on the Appeal or the documents requested in the FOIA Request.

### FIRST CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

17. Plaintiff repeats and incorporates by reference each of the foregoing allegations as is fully set forth herein.

18. Because Defendant has failed to comply with the time limit allotted by statute and regulation, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); 34 C.F.R. § 5.4 (c)(1).

19. By failing to respond to Plaintiff's Request within the statutorily prescribed time limit, Defendant has violated its duties under FOIA, including but not limited to its duties to promptly produce all responsive, reasonably segregable, non-exempt information, and to communicate to Plaintiff its determination as to Plaintiff's Request. 5 U.S.C. § 552.

*[Prayers for relief and signature appear on the following page.]*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(1)     Declare that Defendant has violated FOIA, by its failure to fully respond to Plaintiff's FOIA Request, and its failure to make all requested records promptly available;

(2)     Order Defendant to make the requested records available to Plaintiff at no cost and without delay;

(3)     Retain jurisdiction over this case to rule on any assertions by Defendant that any responsive records held by Defendant are, in whole or in part, exempt from disclosure;

(4)     Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552 (a)(4)(E); and

(5)     Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,
PLAINTIFF WALEED SAYED
By his attorneys:

/s/ Neal J. Bingham
Jerry C. Effren (BBO# 151580)
Neal J. Bingham (BBO# 652029)
Law Offices of Jerry C. Effren
25 West Union Street
Ashland, MA 01721
(508) 881-4950
info@effren.net

Dated: November 19, 2021