UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALEED SAYED,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES MARITIME ADMINISTRATION,<br><br>        Defendant. | Civil Action No. 21-11891-ADB |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, by and through its undersigned counsel, respectfully submits the following answer to Plaintiff's complaint (ECF No. 1).[1]

1. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 1.

2. Defendant admits that the United States Maritime Administration (MARAD) is an agency within the United States Department of Transportation, but denies Plaintiff's characterization of the agency as vague and incomplete. Defendant further admits that MARAD is an agency subject to the Freedom of Information Act (FOIA), but, without further information, currently lacks information sufficient to admit or deny Plaintiff's allegation that MARAD has possession of and control over the records that Plaintiff seeks. The remainder of Paragraph 2 states a legal conclusion to which no response is required.

## **JURISDICTION AND VENUE**

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Paragraph 4 states a legal conclusion to which no response is required.

---

[1] Defendant denies all allegations in the complaint not specifically admitted.

**FACTS**

5. Defendant admits that Plaintiff submitted a FOIA request to MARAD on August 18, 2021. The remainder of Paragraph 5 constitutes Plaintiff's characterization of his FOIA request, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request (attached to the complaint as Exhibit A) for a true and complete statement of its content, and denies the allegations to the extent that they fail to accurately characterize the FOIA request.

6. Paragraph 6 constitutes Plaintiff's characterization of his FOIA request, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a true and complete statement of its content, and denies the allegations to the extent that they fail to accurately characterize the FOIA request.

7. Admitted.

8. Admitted.

9. Paragraph 9 constitutes Plaintiff's characterization of MARAD's response to his FOIA request, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to this response (attached to the complaint as Exhibit B) for a true and complete statement of its content, and denies the allegations to the extent that they fail to accurately characterize the response.

10. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 10.

11. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 11.

12. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 12.

13. Defendant denies that Plaintiff is entitled to the relief requested. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 13.

14. Defendant denies Plaintiff's characterization of its response to the FOIA request, but admits that Plaintiff sent a letter, dated October 6, 2021, seeking to appeal the response to his FOIA request.

15. Admitted.

16. Defendant admits that Plaintiff had not yet received a decision on his appeal as of November 19, 2021, but denies that Plaintiff had not received documents in response to his FOIA request as of that date, and further states that Plaintiff received a final decision on his appeal on December 28, 2021.

## FIRST CAUSE OF ACTION

17. Defendant incorporates its responses to Paragraphs 1–16.

18. Paragraph 18 states a legal conclusion to which no response is required.

19. Denied.

## PRAYER FOR RELIEF

The remainder of the complaint is a prayer for relief to which no response is required. To the extent that the prayer for relief is deemed to allege facts to which a response is required, Defendant denies the allegations. Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is not entitled to information protected from disclosure by one or more exemptions under the FOIA.

3. The Court lacks jurisdiction over any matter to the extent that Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

4. Plaintiff is not entitled to attorney's fees or costs.

Defendant preserves any additional affirmative defense that is not currently known to Defendant.

WHEREFORE, Defendant requests that the Court deny the relief requested in Plaintiff's complaint and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

Dated: December 29, 2021       By:       */s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3266
michael.fitzgerald2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

Dated: December 29, 2021