UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WALEED SAYED,

                    Plaintiff,

       v.                                                    Civil Action No. 21-11891-ADB

UNITED STATES MARITIME
ADMINISTRATION,

                    Defendant.

## JOINT RESPONSE TO COURT ORDER

Pursuant to the Court's January 5, 2022 order (ECF No. 7) directing the parties to "submit a joint proposed schedule" and "indicate whether they object to the court setting a schedule on the written submission," the parties respectfully submit the following response.  Because the parties were unable to agree on a proposed schedule, they submit their respective positions below.

**Plaintiff's Position**: In this case, Plaintiff seeks through his FOIA request to obtain copies of documents establishing the certification status of the Alabama Dry Dock, which was used in the early spring and summer of 2020 for purposes of dry docking the S.S. Altair.  As an engineer responsible for inspecting and certifying the capacity of the Alabama Dry Dock in 2019, Plaintiff is very familiar with procedures that are and must be followed by MARAD and other governmental entities responsible for overseeing the dry docking of military and other vessels, as well as procedures documenting the same.  For the reasons set forth below, Plaintiff requires limited discovery to establish, prior to the dispositive stage of this case, what he already knows - MARAD has not produced all responsive documents in its possession, custody and control and has not conducted a thorough search for documents to which Plaintiff is entitled under FOIA.

Background

Plaintiff is seeking by his FOIA request documents establishing the certification status of the Alabama Dry Dock.  Plaintiff is an engineer whose company had been engaged to the owners of the Alabama Dry Dock to conduct inspections and ultimately certify the capacity of the dry dock, which he did in July 2019 (the "July Certification") and then again in November 2019 (the "November Certification").  Plaintiff subsequently learned that the S.S. Altair had been contracted to dry dock in the Alabama Dry Dock during the spring and early summer of 2020.  Plaintiff knew that both of his certifications had effectively downgraded the certified capacity of the Alabama Dry Dock and that neither was sufficient to authorize the docking of the S.S. Altair.[1]

Among other things, Plaintiff requested in his FOIA request copies of the July Certification and the November Certification.  He also sought any other post-November certifications that may have been prepared for purposes of authorizing a ship as large as the Altair to dock, whether those certifications were by a non-governmental engineer such as himself or a self-certification by MARAD or another governmental entity.   In response, MARAD produced a total of two (2) documents (1 page each).  The first was the first page of the July Certification, which was missing the critical second page that details the overall load in long tons and the line load in long tons per foot, all of which is necessary to determine if the dry dock meets U.S. dry dock standards.  The second page was from RFP# 20-G-9029-137, which itself confirms that among the documents that had to be submitted to win the contract on the RFP was a copy of the "current Condition Survey

_____

[1] The Alabama Dry Dock was owned by Epic Shipyard at the time of the July Certification.  It was shortly thereafter acquired by Alabama Shipyard, LLC, the current owner, at a bankruptcy auction which was one of the reasons for the re-certification in November 2019.  The other reason for the recertification was to account for repairs that were then underway, intended to increase the capacity of the Dry Dock.  Despite those repairs, the rated capacity according to the November Certification was not sufficient to dry dock the Altair.

Certificate".  The single certificate document  produced by MARAD was not the current certificate, which MARAD has failed and refused to produce and could not have been the document relied upon by MARAD or the "Port Engineer, Ship's Master, Chief Engineer, and Contractor's Dock master" referred to in the S.S. Altair's RFP.  (*See Complaint, Exhibit B.*)

<u>Limited Requested Discovery</u>

Our courts authorize discovery for purposes of inquiry into the indexing and classification procedures of an agency, the appropriateness of an agency's inquiry, and where the adequacy of a search raises a question of fact.  *See Am. C.L. Union of Massachusetts, Inc. v. U.S. Immigr. & Customs Enf't*, 448 F. Supp. 3d 27, 44 (D. Mass. 2020) (granting plaintiff right to limited focused discovery, including depositions of those tasked with conducting searches and to determine whether the government's search procedures were reasonably calculated to return all responsive documents; *see also El Badrawi v. DHS*, 583 F. Supp. 2d 285, 299-301 (D. Conn. 2008) (permitting limited discovery where agency did not explain why it chose to search only one database and not others); *Long v. DOJ*, 10 F. Supp. 2d 205, 210 (N.D.N.Y. 1998) (finding discovery appropriate to test adequacy of search); *Pub. Citizen Health Research Grp. v. FDA*, 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that discovery would be limited to "investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like"); *Ruotolo v. DOJ*, 53 F.3d 4, 11 (2d Cir. 1995) (holding that discovery on scope of burden that search would entail should have been granted); Weisberg v. DOJ, 627 F.2d 365, 371 (D.C. Cir. 1980) (finding discovery appropriate to inquire into adequacy of document search); *Jett v. FBI*, 241 F. Supp. 3d 1, 14 (D.D.C. 2017) (granting discovery request for limited purpose of determining whether the government has the capability of simultaneously searching for records of other entities or agencies); *Families for Freedom v. U.S. Customs & Border Protect.*, 837 F. Supp. 2d 331, 336-37 (S.D.N.Y. 2011) (granting plaintiff's request for discovery without showing of bad faith because

there was evidence in record that agency had not performed adequate search); *Kozacky & Weitzel, P.C. v. United States*, No. 07-2246, 2008 WL 2188457, at *7 (N.D. Ill. Apr. 10, 2008) (directing agency to answer several of plaintiff's interrogatories concerning nature and adequacy of its search).

Here, it is not reasonable for MARAD to suggest that it has only the first page of the July Certification, which it acknowledges. The analysis concerning the ability to safely dock the S.S. Altair requires reference to second page – the attached schedule, which it is withholding for reasons unknown. Regardless of the reason, the search was inadequate. Notably, MARAD could not have relied upon the July Certification because the ownership of the Alabama Dry Dock had changed hands by that date, which was among the reasons Plaintiff was tasked with completing the November Certification. Additionally, the single page provided does not show the information that it necessary to determine the capacity of the drydock – that information is on the attached schedule, which was not produced. Moreover, individuals at the Docking/Undocking conferences referred to in the RFP (*Complaint, Exhibit B*) would not have been able to rely on either July Certification or the November Certification because the S.S. Altair was too large to dock based on even the November Certification. The Port Engineer and others referred in the RFP were representatives of MARAD and would not have authorized the docking of the S.S. Altair without significant repairs to the dock and recertification after November 2019 – to do so would be a dereliction of duty and a serious safety hazard. On information and belief, additional repairs had been undertaken after November 2019 to increase the capacity, which needed to be document in a separate certification before docking the S.S. Altair. Documents in the possession of the Port Engineer and other representatives of MARAD are deemed to be in MARAD's possession – such individuals cannot be used to shield MARAD from its statutory obligation comply with its FOIA

obligations.  Those documents had to be provided to MARAD by the owner of the Alabama Dry

Dock – Alabama Ship Yard, LLC.

Limited Requested Discovery

Plaintiff requests that he be authorized to undertake the following discovery in this case

before dispositive motions are filed.

1.      Interrogatories requesting that MARAD: (a) identify its representatives who were

present at the Alabama Dry Dock during the docking and undocking meetings referred to in the

RFP; (b) identify MARAD representatives responsible for maintaining contract documents for the

Altair RFP; and (c) describe the procedures MARAD utilized to identify responsive document.

2.      Time limited Zoom depositions of persons identified in 1(a) and 1(b) above.

3.      A subpoena *duces tecum* for service on Alabama Shipyard, LLC, the owner of the

Alabama Dry Dock, which is the entity that would have provided a compliant certification to

MARAD and its representatives during and prior to dry docking the S.S. Altair, requesting only:

(a) copies of certifications for the Alabama Dry Dock for the period between July 1, 2019 and

August 30, 2020; and (b) communications between Alabama Shipyard, LLC and any other party,

including MARAD and its representatives, concerning the certification status of the drydock after

November 2019.

4.      Time limited Zoom 30(b)(6) deposition of a representative of Alabama Shipyard,

LLC.

**Defendant's Position**:  Defendant remains ready to proceed with this FOIA litigation

expeditiously and proposes that it file a motion for summary judgment—and supporting

declaration—confirming the adequacy of its search by **March 21, 2022**, with the deadline for any

5

opposition and reply to follow Local Rule 56.1.  Defendant does not object to the Court setting a schedule based on this proposal without holding a hearing or conference.

In Defendant's view, the Court can and should resolve this matter through summary judgment without ordering discovery.  *ACLU Foundation, Inc. v. United States Dep't of Educ.*, 320 F.Supp.3d 270, 276 (D. Mass. 2018) ("FOIA cases are typically decided on motions for summary judgment").  Defendant has completed its production of documents in response to Plaintiff's FOIA request, denied Plaintiff's administrative appeal, and confirmed that the additional documents that Plaintiff seeks (insofar as they exist) are not within its control.  Thus, the only remaining factual question is whether the agency has conducted an adequate search, which a defendant can typically establish by submitting a reasonably detailed declaration.  *Reich v. U.S. Dep't of Energy*, 784 F.Supp.2d 15, 24 (D. Mass. 2011) ("Discovery in an FOIA action should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains" (citation omitted)).

In all events, the Court can reserve evaluating the need for discovery until after reviewing the parties' summary judgment submissions.  *See Church of Scientology of Bos. v. IRS*, 137 F.R.D. 201, 202 (D. Mass. 1991) ("factual issues [warranting discovery] can develop," if at all, "only at a time subsequent to a party's filing of a dispositive motion"); *Moffat v. U.S. Dep't of Just.*, No. 09-12067-DJC, 2011 WL 3475440, at *13 (D. Mass. Aug. 5, 2011) (denying discovery *after* summary judgment where plaintiff failed to "show[] that discovery [was] needed to resolve any genuine issues of material fact related to the [defendant's] searches").

Respectfully submitted,

PLAINTIFF                                          DEFENDANT
By his counsel,                                    By its counsel,

                                                   RACHAEL S. ROLLINS
                                                   United States Attorney


/s/ Neal J. Bingham                                /s/ Michael L. Fitzgerald
Neal J. Bingham (BBO# 652029)                      Michael L. Fitzgerald
Law Offices of Jerry C. Effren                     Assistant U.S. Attorney
25 West Union Street                               U.S. Attorney's Office
Ashland, MA 01721                                  1 Courthouse Way, Ste. 9200
(508) 881-4950                                     Boston, MA   02210
info@effren.net                                    (617) 748-3266
                                                   michael.fitzgerald2@usdoj.gov


Dated:  February 2, 2022


## CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as non-registered participants.

                                                   /s/ Michael L. Fitzgerald
                                                   MICHAEL L. FITZGERALD
                                                   Assistant United States Attorney


Dated:  February 2, 2022